**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**GERARD KILEY** **PLAINTIFF**

**v.** **No. 3:23-cv-391-BJB**

**TRAX OFF-GRID, LLC, ET AL.** **DEFENDANTS**

**ORDER ADOPTING REPORT & RECOMMENDATION DENYING MOTION TO COMPEL SETTLEMENT**

Gerard Kiley owns a "large military all-purpose machine and vehicle" called "the Roamer." Complaint (DN 1) at 1. According to Kiley, the Roamer served as a residence, recreational vehicle, and at times, a mobile business office. *Id.* In 2022, Kiley contracted with a Kentucky-based builder of custom vehicles called Trax Off-Grid, LLC, to complete some specialized—and allegedly time-sensitive—custom work on the Roamer. *Id.* at 4–5. Kiley shipped the Roamer from his Utah residence to the Kentucky business in May 2022. *Id.* at 4, 8.

But soon after the Roamer made it to Kentucky, the relationship between Kiley and Trax broke down. The Complaint alleges that Trax delayed repairs, failed to perform the agreed work, misrepresented its expertise and capacity, and unlawfully retained possession of the Roamer. Complaint at 13–17. Trax's version of events differs: its counterclaim (also filed on behalf of Co-Defendant Steven LeClair) alleges that Kiley stopped making payments, that this gave it a lien against the Roamer, and that Trax is due additional costs for storing the Roamer in the meantime. Counterclaim (DN 6) at 15–16.

For more than a year, this case proceeded without apparent incident through discovery. In September 2025, the parties notified the Court that they were engaged in settlement negotiations, DN 42, and filed updates on their progress, DNs 44, 46. But in December 2025, the parties filed a joint status report stating that though the parties "previously had reached a full and final settlement in principle," Kiley had since "determined to pursue his claims at trial." DN 48.

Shortly thereafter, Trax filed a motion to compel the performance of the settlement agreement (DN 52), which Kiley opposed (DN 55). The Court referred the motion to Magistrate Judge Edwards, DN 58, who then issued a Report and Recommendation that the Court deny the motion to compel, DN 59.

As her report noted, a district court has the "inherent authority and equitable power … to enforce an agreement in settlement of litigation pending before it" when it "conclud[es] that agreement has been reached on all material terms." *Therma-*

*Scan, Inc. v. Thermoscan, Inc.*, 217 F.3d 414, 419 (6th Cir. 2000) (citations omitted). But that still demands the prerequisites of any contract, including mutual assent, as Judge Edwards explained. R&R at 6; *see* Restatement (Second) of Contracts § 17 (1981). She reasonably concluded that mutual assent was lacking here: the "communications filed along with the instant Motion demonstrate that the Parties did not reach an agreement on all materials terms." Report at 5. That's at least partly because Kiley requested a November 2025 modification regarding the payment deadline and vehicle-inspection date. *See* Email Exhibit (DN 52-4) at 2. In response, Trax requested an additional $2,000 to cover additional storage of the Roamer during that adjusted timeline. *Id.* at 1. Though Kiley's counsel replied that he was "telling [his] client he has to take" the deal, *id.*, any divergence between principal and agent undermines rather than supports the existence of a meeting of the parties' minds. "These representations reflect mere updates between counsel and suggest that Kiley was not even aware of the proposed modifications to the settlement payment amount at the time, let alone in agreement on it." R&R at 6.

No party has objected to the Report and Recommendation. So the law allows this Court to adopt it without review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nevertheless, the Court has reviewed and finds no error in Judge Edwards' conclusions. Accordingly, the Court adopts them, incorporates the R&R by reference as part of this order, and denies the motion to compel settlement (DN 52). The Court orders counsel to confer in good faith regarding the most appropriate next steps in this litigation and then file a joint status report describing their position(s) no later than October 26, 2026.

Benjamin Beaton, District Judge
United States District Court

September 28, 2026